PEDRO LLUIS, *Appellant*, v. ANGELA LLUIS, *Appellee.*

Division A.

Opinion Filed April 29, 1926.

*Carabello & Moran*, for Appellant;

*Macfarlane* and *Pettingill*, for Appellee.

·BROWN, C. J.—This is an appeal from a decree denying the divorce prayed for in appellant's bill, and decreeing alimony of $7.00 per week until further order of the court, to be paid to the defendant in the bill, together with a solicitor's fee of $100.00, which was in addition to a like sum which had been allowed by previous order of the court as a temporary solicitor's fee, and taxing the costs of the cause against the complainant.

This is a bill for divorce upon one of the statutory grounds and the testimony in the case was quite voluminous, covering some 260 pages of the record. The controlling question in the cause, and the one to which substantially all of the argument has been addressed, is whether or not the chancellor, in denying the relief prayed for in the bill, has so clearly erred in his conclusions on the facts as to call for a reversal by this court. The testimony was taken before a general master of the court below. In such cases,

the finding of the chancellor on the testimony will not be given the same effect as the verdict of a jury, but his conclusions solely on the facts will not be reversed unless it *clearly appears* that he has erred in such conclusions. It is also a general rule that where there is irreconcilable conflict in the testimony on which a decree is based, but there is evidence to support the decree, it will not be reversed. Whether the decree of the chancellor is based upon testimony taken before him, or before a master or examiner appointed by him, in either event, his conclusion on the facts will not be disturbed unless it clearly appears to be erroneous. After a careful reading and consideration of the entire record, including the testimony and the briefs and argument of counsel, and bearing in mind that the burden of proof rested upon the complainant, appellant here, we are not able to say that it clearly appears that the chancellor has erred in his conclusions on the facts, and that his decree is, therefore, erroneous. While there was irreconcilable conflict in the testimony on the material issues of fact, there undoubtedly appears evidence to support the decree. As this court would not be authorized to reverse the conclusions of the chancellor on the vital issues in the case, upon which his denial of the complainant's prayer for divorce was based, no error can be predicated upon the further action of the chancellor in awarding alimony and attorneys' fees as above pointed out, and which were duly prayed for in the defendant's answer.

The decree of the court below is, therefore, affirmed.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.